UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:22-cv-60328

DAVID GORDON,

    Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANSUNION, LLC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DAVID GORDON ("Gordon") by and through undersigned counsel, and for his complaint against the Defendants, alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (Federal Fair Credit Reporting Act "FCRA").

2. The jurisdiction of this Court is conferred by 15 U.S.C. §§1681(p).

### PARTIES

3. Plaintiff, Gordon, is a natural person and resident of Broward County, Florida. He is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. EQUIFAX INFORMATION SERVICES, L.L.C ("Equifax") is a limited liability company under the laws of the State of Georgia authorized to do business in the State of Florida.

5. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. EXPERIAN INFORMATION SOLUTIONS, INC ("Experian") is a corporation incorporated under the laws of the State of Ohio and authorized to do business in the State of Florida.

8. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. TRANSUNION, L.L.C ("Transunion") is a limited liability company under the laws of the State of Delaware authorized to do business in the State of Florida.

11. Transunion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Transunion disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Defendant, PRA, sought to collect from Plaintiff an alleged debt previously owed to Capital One Bank ("the debt") for a consumer loan.

14. On December 3, 2019, PRA filed suit in Broward County, Florida against Gordon

15. On February 28, 2020, PRA dismissed the state court action against Gordon with prejudice. As such, PRA could no longer collect the debt in any way. A copy of the dismissal with prejudice is attached as Exhibit "A."

16. PRA improperly and in violation of the FCRA, continued to report the debt on Plaintiff's credit report.

17. On or about October 12, 2020, Plaintiff submitted a dispute letter with attachments to PRA, Equifax, Experian, and TransUnion. The dispute letter attached a copy of the dismissal with prejudice. The dispute letter pointed out to all Defendants the improper, derogatory tradeline and requested that the PRA tradeline be updated to reflect the correct account status. A copy of Plaintiff's October 12, 2020, dispute letter without attachments is attached hereto as Exhibit "B."

18. No response has been received from any of the Defendants.

19. All Defendants received Plaintiff's dispute letter and accompanying documents and then Equifax, Experian, and Transunion relayed those documents and Plaintiff's dispute to PRA and then erroneously verified that the account was valid or failed to cause the derogatory tradeline to be updated.

20. PRA received the dispute and accompanying documents from Experian, Equifax, and Transunion and then erroneously verified the full balance of the account and that it was charged-off.

21. After Plaintiff requested verification and correction of the erroneous account information, Equifax, Experian, and Transunion failed to evaluate or consider any of the specific information, claims and evidence provided by Plaintiff. Additionally, they did not make any attempt to substantially or reasonably verify MCM's representations.

22. As a result of the erroneous derogatory information, Plaintiff has suffered significant damages, a significant drop in his credit score, the inability to obtain credit, and the aggravation of dealing with Defendants' failure to meaningfully evaluate his dispute.

### COUNT I AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681e(b)

23. Plaintiff realleges and incorporates paragraphs 1 through 6 and 13 through 22 above as if fully set out herein.

24. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

25. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, specifically being unable to obtain financing to purchase a home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

26. Equifax's conduct, action or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

27. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, §1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Equifax for the following:

a) Actual damages in an amount to be proved at trial;

b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

e) Such other and further relief as this Court deems just and proper.

### COUNT II AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681i

28. Plaintiff realleges and incorporates paragraphs 1 through 6 and 13 through 22 above as if fully set out herein.

29. Equifax violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to MCM; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

30. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit, specifically Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, specifically being unable to obtain financing to purchase a home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

31. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

32. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Equifax for the following:

  a) Actual damages in an amount to be proved at trial;

  b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

  c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

  d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

  e) Such other and further relief as this Court deems just and proper.

### **COUNT I AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681e(b)**

33. Plaintiff realleges and incorporates paragraphs 1 through 3, 7 through 9, and 13 through 22 above as if fully set out herein.

34. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

35. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit,

specifically being unable to obtain financing to purchase a home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

36. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

37. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

a) Actual damages in an amount to be proved at trial;
b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
e) Such other and further relief as this Court deems just and proper.

### COUNT II AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681i

38. Plaintiff realleges and incorporates paragraphs 1 through 3, 7 through 9, 13 through 22 above as if fully set out herein.

39. Experian violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to MCM; by failing to maintain reasonable procedures with which to filter and verify

disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

40. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; specifically being unable to obtain financing to purchase a home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

41. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

### COUNT I AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681e(b)

43. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, 13 through 22 above as if fully set out herein.

44. Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

45. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, specifically being unable to obtain financing to purchase a home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

46. Transunion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, §1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

   a) Actual damages in an amount to be proved at trial;
   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
   e) Such other and further relief as this Court deems just and proper.

### COUNT II AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681i

48. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, and 13 through 22 above as if fully set out herein.

49. Transunion violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to MCM; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit files; and by relying upon verification from a source it has reason to know is unreliable.

50. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; specifically having to extend a lease on an unwanted vehicle and being unable to obtain a new lease for a new vehicle, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

51. Transunion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover costs and attorney's fees from Transnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

      a) Actual damages in an amount to be proved at trial;

      b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

      c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> Debt Shield Law
> Attorney for Plaintiff
> 3440 Hollywood Blvd., Suite 415
> Hollywood, FL 33021
> Tel:   754-800-5299
> service@debtshieldlaw.com
> joel@debtshieldlaw.com
>
>   /s/ *Joel D. Lucoff*
> Joel D. Lucoff
> Fla. Bar No. 192163